UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARYL LEON HANSON, | ) | 1:07mc00012 DLB |
| | ) | |
| | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| Plaintiff, | ) | WITH LEAVE TO AMEND |
| | ) | |
| v. | ) | |
| | ) | |
| BOB FRAUSTO., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Daryl Leon Hanson ("Plaintiff") filed the instant action on March 28, 2007. His complaint consists of one page and the exact nature of his claim is not apparent.

A. <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the

1

1  grounds upon which the court's jurisdiction depends, unless the court already has
2  jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short
   and plain statement of the claim showing that the pleader is entitled to relief, and (3) a
3  demand for judgment for the relief the pleader seeks. Relief in the alternative or of
   several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Discussion

In his complaint, Plaintiff alleges that in January 2007, he went to visit his father at an apartment complex in Fresno and smelled crystal meth. The remainder of his complaint states:

> I could not enter this premises due to my lack of badge and gun, where as I worked for Bob Frausto as a San Diego Sheriff's Department Drug Informant at the Lemon Grove Station in 1992.

Plaintiff's complaint is totally deficient and fails to meet the pleading standard of Rule 8. It fails to state any basis for this Court's jurisdiction and wholly fails to state a short and plain statement of his claim. In fact, although Plaintiff mentions Defendant Bob Frausto in the complaint, he does not make any allegations against him. Instead, Plaintiff sets forth a short narrative without any indication of his claims. Plaintiff also fails to state his requested relief.

1   In its current form, then, the Complaint states no discernable claims for relief. The complaint is so deficient, in fact, that it is difficult for this Court to analyze. However, given Plaintiff's status as a pro se litigant and the fact that the Court is unable to conclude that he cannot cure these deficiencies, Plaintiff will be granted leave to amend.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff may file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action. **If Plaintiff does not file an amended complaint within this time frame, the Court will recommend that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **April 10, 2007**                         /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE